## CIRCUIT COURT OF FAIRFAX COUNTY

Long and Foster

    v.

Walker

July 9, 1991

Case No. (Law) 92386

### By JUDGE THOMAS S. KENNY

In this case, the plaintiff, a real estate brokerage firm, sued defendant on a certain promissory note. Defendant was a real estate agent with the plaintiff, and the note represented the difference between the amount of draws taken by Mr. Walker and the amount of commissions earned by him against those draws. Trial testimony indicated that each month in which a draw was taken in excess of commissions, defendant would execute a new note for an amount equal to the previous month's note plus any new draw. The notes, in other words, were cumulative, with each note superseding and cancelling the previous one.

At the conclusion of the defendant's case in chief, plaintiff moved to strike his defenses, and after argument, I took the motion under advisement so I could send the case to the jury. The jury eventually came back with a verdict in favor of the defendant, and plaintiff has now asked me to set this verdict aside, strike the defendant's evidence, and enter judgment for the amount sued for less certain credits for commissions subsequently applied.

The defenses raised by the defendant are (i) failure

of consideration and (ii) duress.[1] His failure of consideration argument is that there had been a pre-existing agreement between plaintiff and defendant that he would be paid a guaranteed amount each month against commissions earned, and if the amount drawn exceeded the commissions, he would not have to pay back any of the excess. Mr. Walker testified to this effect at trial, and even though it was disputed by Long and Foster,[2] the jury could have concluded that Mr. Walker's version of the arrangement was correct. According to defendant, if the jury so concluded, then plaintiff's payment of the monthly "draw" was merely the satisfaction of a pre-existing obligation and would not constitute consideration for the note signed by him.

The problem with this argument is that it ignores the fact that the note in question was under seal. The Virginia Supreme Court recently reaffirmed, in the strongest terms, the long-standing rule that there is a *conclusive* presumption of consideration for a contract under seal. *Hopkins v. Griffin*, 241 Va. 307, 310-311 (1991). The failure of consideration defense, therefore, is stricken.

Mr. Walker's other defense is one of "economic duress." He contends that he was forced into signing each of the series of promissory notes by virtue of the fact that he would not have gotten his draw if he refused and thus would have been financially ruined by not getting his month's pay.

I could perhaps accept the possibility of such a duress argument if the transaction were an isolated incident, but this ritual was repeated every month for *years*. If Mr. Walker truly felt that he were under duress when he signed the first promissory note, his response, it seems to me, should have been to look for another job; instead, he simply continued to draw down $2,000 a month from Long and Foster and to sign ever-larger notes. None

---

[1] A third defense, fraud, was withdrawn by defendant at the conclusion of his case in chief.

[2] Plaintiff's version is that a "guaranteed draw" meant that defendant would be paid a minimum amount each month even if the commissions earned that month did not reach that level, but such excess draws were really loans to the agent and would have to be paid back.

of the cases cited by defendant involve such a continuous and repetitive process as occurred here.

Furthermore, at one point, there was a meeting between the defendant and various representatives of the plaintiff to resolve the status of his account after he complained about accounting errors -- the outcome of the meeting was a memorialized agreement between them that the amount then owed by defendant was $45,782. Such negotiated settlements of disputes are favored in the law, and even if one of the parties feels that he is being treated unfairly, they will be upheld in the absence of clear and convincing proof of fraud or duress. *See Cary v. Harris*, 120 Va. 252 (1917). I find, as a matter of law, that the evidence in this case does not satisfy that burden of proof, and I strike the defense of duress as well.

Having stricken the defenses in this case, I must decide whether to enter judgment for the plaintiff or to grant a new trial. Defendant argues that there are still unresolved issues of fact, such as payment, for a jury to decide. Defendant has already had an opportunity to present his evidence of payment to the jury. The only evidence that was forthcoming was Long and Foster's admission that two commissions totalling $2,617.70 had not been credited to Mr. Walker's account. Mr. Walker's complaints about accounting problems seemed to be directed at whether commissions should have been credited to the interest- or non-interest-bearing portions of his account, but insufficient proof of any of that was forthcoming.

Accordingly, I will deny defendant's request for a new trial, and will enter judgment n.o.v. for Long and Foster and against the defendant in the amount of $61,302.87, less credits of $2,617.70, for a total of $58,685.17.